# MANDATE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the ___ day of _____ two thousand and three.

Present:   ROSEMARY S. POOLER,
           ROBERT D. SACK,
           RICHARD C. WESLEY,
                    Circuit Judges.

---

Ibrahim Madkour,

                Petitioner-Appellant,

    -v-                                  (02-2781)

John D. Ashcroft, Attorney General,

                Respondent-Appellee.

---

Appearing for Appellant:   Michael G. Moore, Springfield, MA.
Appearing for Appellee:    James K. Filan, Jr., Assistant United States Attorney, Bridgeport, CT.

Appeal from the United States District Court for the District of Connecticut (Dorsey, J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that petitioner's appeal is **DISMISSED**.

Ibrahim Madkour, a lawful permanent resident of the United States with Lebanese citizenship, was convicted of unlawful possession of drug paraphernalia in violation of Arizona Revised Statutes § 13-3415(A). The Immigration and Naturalization Service ("INS") subsequently sought Madkour's deportation pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), which allows deportation of anyone "convicted of a violation of . . . any law or regulation of a State . . . relating to a controlled substance (as defined in section 802 of Title 21) . . . ." Madkour

**ISSUED AS MANDATE:** OCT 24 2003

contested his deportation before an immigration judge ("IJ") and the Board of Immigration Appeals ("BIA"). Madkour proceeded pro se before the BIA and at one hearing session before the IJ, but was represented by counsel at another hearing session. He lost at both levels, and at neither level did he argue that possession of drug paraphernalia was not a deportable offense. On February 27, 2002, Madkour filed a petition pursuant to 28 U.S.C. § 2241 challenging the deportation order on the basis that possession of drug paraphernalia is not a deportable offense. Judge Peter C. Dorsey dismissed Madkour's petition for lack of subject matter jurisdiction because Madkour failed to exhaust his administrative remedies. Madkour appeals, contending that (1) he did exhaust his administrative remedies; (2) 8 U.S.C. § 1252(d)(1), which requires exhaustion of administrative remedies prior to seeking judicial review of a final order of removal does not apply to habeas petitions; (3) if failure to exhaust is found, it should be excused because Madkour acted pro se and because denying Madkour a judicial remedy would be contrary to INS v. St. Cyr, 533 U.S. 289 (2001); and (4) possession of drug paraphernalia is not a deportable offense.

We previously have applied Section 1252(d) to a habeas petition contesting a removal order. See Theodoropoulos v. INS, 313 F.3d 732, 736-37 (2d Cir. 2002). A more recent decision, Beharry v. Ashcroft, 329 F.3d 51, 60-62 (2d Cir. 2003), expresses some doubt about the soundness of Theodoropoulos. The Beharry court, however, found that the judicially created doctrine of exhaustion of administrative remedies barred Beharry's claim even in the absence of a statutory bar. Id. at 62. Here, too, we must dismiss Madkour's appeal because even under the more relaxed judicially created administrative exhaustion standard, Madkour's failure to exhaust his remedies deprives the courts of subject matter jurisdiction.

As a preliminary matter, Madkour's claim that he exhausted his administrative remedies by arguing different claims before the IJ and to the BIA is plainly wrong. See United States v. Gonzalez-Roque, 301 F.3d 39, 46-47 (2d Cir. 2002) (holding that an appeal that does not raise the issue on which a judicial challenge is based does not exhaust that issue).

Madkour does not claim he falls into one of the four recognized exceptions to the judicially created exhaustion requirement: (1) a showing that available administrative remedies provide no opportunity for genuine relief; (2) a showing of irreparable injury if there is no immediate judicial relief; (3) a showing of the futility of available remedies; and (4) in some cases, a substantial constitutional question. Beharry, 329 F.3d at 62.

Madkour does appear to argue, however, that he has no further administrative remedies available to him. Such a procedural default can be excused either through a showing of cause for the default and prejudice that will be caused by the court's refusal to review the merits of his claim, Carmona v. United States Bureau of Prisons, 243 F.3d 629, 633 (2d Cir. 2001), or a showing that a fundamental miscarriage of justice will result if this court does not examine the merits of his claim, Dixon v. Miller, 293 F.3d 74, 81 (2d Cir. 2002), cert. denied, 123 S. Ct. 426 (2002). The only cause that Madkour asserts for his default is his pro se status in the administrative proceedings. This claim is inaccurate: Madkour had representation for a substantial portion of the hearing before the IJ, and he does not argue that his counsel could not have raised the claim on which he now relies.

Madkour also argues that denying him a judicial remedy would violate St. Cyr. This argument fails because St. Cyr is inapposite. The Supreme Court in St. Cyr found that a statute barring "review" of certain INS decisions did not bar habeas review of claims of legal error. 533 U.S. at 298-314. The Court neither stated nor suggested that district courts could not apply the long-standing judicially created doctrine of administrative exhaustion to habeas petitioners.

Nor does Madkour identify a fundamental miscarriage of justice that will result from the district court's failure to entertain his petition. And, in light of the particular facts of this case, we perceive none. Although Madkour was ordered deported based on the drug paraphernalia conviction, he also was convicted of soliciting drugs, and the drug involved in both convictions was heroin.

We therefore agree with the district court that Madkour's petition must be dismissed because his failure to exhaust administrative remedies deprives us of subject matter jurisdiction.

FOR THE COURT:
ROSEANN B. MACKECHNIE, Clerk
By: *Lucille Carr*

AUG 26 2003

A TRUE COPY
ROSEANN B. MACKECHNIE, CLERK
By *Joseph M. Rodriguez*
Date  Deputy Clerk

3